IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACK CAT INC., d/b/a PANTHER EAST<br><br>                    Plaintiff,<br><br>     v.<br><br>4C'S SPRAY EQUIPMENT RENTAL, LLC,<br>                    Defendant. | C.A. No.  2:24-cv-5494 |

## **COMPLAINT**

Plaintiff Black Cat Inc. d/b/a Panther East ("Plaintiff" or "Black Cat"), by and through its undersigned counsel, files this Complaint against Defendant 4C's Spray Equipment Rental, LLC ("4C's Spray Equipment" or "Defendant"), and alleges as follows:

## **NATURE OF ACTION**

1.     Black Cat seeks a declaratory judgment that U.S. Patent No. 11,992,858 ("the '858 Patent") and U.S. Patent No. 11,559,820 ("the '820 Patent") are invalid and/or that Black Cat does not infringe either patent.

## **THE PARTIES**

2.     Black Cat is a Pennsylvania corporation having its principal place of business located at 7928 State Rd., Philadelphia, Pennsylvania 19136.

3.     On information and belief, 4C's Spray Equipment is a Pennsylvania limited liability company having its principal place of business located at 367 York Rd., Carlisle, Pennsylvania 17013.

## JURISDICTION AND VENUE

4.      This matter is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

5.      This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

6.      This Court has personal jurisdiction over 4C's Spray Equipment because it is a Pennsylvania company, and its principal place of business is in Pennsylvania.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of Black Cat's alleged infringement occurs in the Eastern District of Pennsylvania.

## FACTS

### Black Cat

8.      Black Cat is a distributor of tools, equipment, fasteners, fall protection, outdoor power equipment, and material supplies.

9.      Black Cat offers products for distribution through its website, Panthereast.com.

### 4C's Purported Patents: The '820 Patent and the '858 Patent

10.      Upon information and belief, 4C's Spray Equipment is the owner of the '820 Patent, titled "Adhesive Dispensing System and Method."  The '820 Patent is directed generally to methods of dispensing an adhesive formed by mixing two fluid adhesive components and air. A copy of the '820 Patent is attached as Exhibit A.

11.      Upon information and belief, 4C's Spray Equipment is the owner of the '858 Patent, titled "Adhesive Dispensing System and Method."  The '858 Patent is a continuation of the '820 Patent.  Like the '820 Patent, the '858 Patent is directed generally to methods of

dispensing an adhesive formed by mixing two fluid adhesive components and air. A copy of the '858 Patent attached as Exhibit B.

## 4C's March 10, 2023 Cease-and-Desist Letter

12.     On March 10, 2023, 4C's Spray Equipment, by its counsel, sent Black Cat a cease-and-desist letter accusing Black Cat of directly and/or contributorily infringing the claims of the '820 Patent. A copy of the March 10, 2023 cease-and-desist letter is attached as Exhibit C.

13.     In the March 10, 2023 cease-and-desist letter, 4C's Spray Equipment asserted that three adhesive-dispensing products Black Cat is making, using, offering for sale, or importing, specifically listed as the "Vee-Air One SP Gun + Tip," the "PJR – VEE AIR ONE SP | A+B Roofing Adhesive Sprayer," and the "VA1SP Spray Tip for V-Manifold (Just The Tip) | Add Air to A+B Adhesive Application," (collectively belonging to the "VEE AIR Products" defined below) are covered by one or more claims of the '820 Patent, and included claim charts purporting to show examples of the alleged infringement. (Ex. C at 1-2, 10-12).

14.     The March 10, 2023 cease-and-desist letter further demanded cessation of all sales, production, and advertisement of the specifically enumerated products, an accounting of all inventory and promotional materials, and a notification to preserve documents and information "[i]n anticipation of this matter resulting in litigation." (Ex. C at 2-3).

## Black Cat's March 31, 2023 Response Letter

15.     On March 31, 2023, Black Cat, by its counsel, responded to 4C's Spray Equipment's cease-and-desist letter asserting that the specifically accused products do not infringe the claims of the '820 Patent. A copy of Black Cat's March 31, 2023 letter is attached as Exhibit D.

16.     In the March 31, 2023 letter, Black Cat also asserted that the '820 Patent is invalid based on prior art and/or lack of written description support.  (Ex. D at 2).

## 4C's August 23, 2024 Cease-and-Desist Letter

17.     On August 23, 2024, 4C's Spray Equipment, by its counsel, sent Black Cat another cease-and-desist letter reiterating its position on the '820 Patent and further accusing Black Cat of directly and/or contributorily infringing the claims of the '858 Patent.  A copy of the August 23, 2024 cease-and-desist letter is attached as Exhibit E.

18.     In the August 23, 2024 cease-and-desist letter, 4C's Spray Equipment asserted the following products Black Cat is making, using, offering to sell, selling or importing, are covered by one or more claims of the '858 Patent: (1) VEE AIR ONE SP | Manifold Air-Purge Spray Gun for 2-Part A+B Adhesives; (2) VEE AIR ONE SP SHORTY | Manifold Air-Purge Spray Gun for A+B Roof Adhesive; (3) VEE AIR ONE SP Manifold Air-Purge Spray Gun Applicator for 2-PART Adhesives (VA1SP Gun + Tip); (4) P55 - VEE AIR ONE SP Mobile 2-Part Adhesive Sprayer for 55 Gallon A+B Drums; (5) PJR 2-PART ROOFING ADHESIVE SPRAYER w/ AIR + HEAT | Vee-Air 1SP, Heated Hose; (6) PJR VEE-AIR ONE SP A+B Roofing Adhesive Sprayer w/ Air for Splatter Spray; (7) Air Upgrade Kits for PJR Roof Sprayer; (8) PJR Heating Package; (9) VA1SP Spray Tip for V-Manifold (Just The Tip) | Add Air to A+B Adhesive Application; (10) Vee-Ultimate dispensing gun (collectively the ten products listed in this paragraph are referred to hereinafter as "the VEE AIR Products").  (Ex. E at 1-2).

19.     In the August 23, 2024, cease-and-desist letter 4C's Spray Equipment rejected Black Cat's position that it does not infringe the '820 Patent as detailed in Black Cat's March 31, 2023 letter and asserted that the all of the VEE AIR products enumerated above infringe the '820 Patent.  (Ex. E at 3-4).

20.     In the August 23, 2024 cease-and-desist letter 4C's Spray Equipment further asserted the invalidity arguments raised in Black Cat's March 31, 2023 letter lack merit.  (Ex. E at 4).

21.     In the August 23, 2024 cease-and-desist letter 4C's Spray Equipment, by way of its counsel, wrote: "The purpose of this communication is to provide Black Cat with actual notice of the '858 patent and to fulfill 4C's obligations under 35 USC § 278 and § 154(d) so that it is entitled to recover damages inclusive of lost profits and/or reasonable royalties for each and every Black Cat infringing product.  In addition, under 35 USC § 289, 4C's will be entitled to recover Black Cat's total profit for its sales of infringing products in additional to injunctive relief." (Ex. E at 8).

22.     In the August 23, 2024 letter, 4C's Spray Equipment demanded that Black Cat cease infringing activity, provide inventory information and promotional material for the VEE AIR products, and provide sales and importation documentation for the VEE AIR products. (Ex. E at 8-9).

**An Immediate, Real, and Justiciable Controversy Exists
Regarding Infringement and Validity of 4C's Purported Patents**

23.     Black Cat denies that it infringes any valid and enforceable claim of the '820 Patent.

24.     Black Cat denies that it infringes any valid and enforceable claim of the '858 Patent.

25.     An immediate, real, and justiciable controversy exists between the parties concerning whether Black Cat's manufacture, use, sale, offer for sale, or importation of the VEE AIR Products infringes any valid claim of the '820 Patent or the '858 Patent, either directly or

indirectly, literally, under the doctrine of equivalents, or otherwise that requires a declaration of rights from this Court.

26.     An immediate, real, and justiciable controversy exists between Black Cat and 4C's Spray Equipment concerning the validity '820 Patent and the '858 Patent that requires a declaration of rights from this Court.

## COUNT I – DECLARATORY JUDGMENT OF INVALIDITY OF THE '820 PATENT

27.     Black Cat realleges and incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28.     An actual and substantial controversy has arisen and now exists between the parties concerning the validity of the '820 Patent.

29.     At least claims 1, 4-11, 13, 15-21, 23-32, and 34-37 of the '820 Patent are invalid because the purported inventions therein fail to meet the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq*., including but not limited to 35 U.S.C. §§ 102, 103, and 112.

30.     By way of example, and without limiting the grounds of invalidity that will be asserted in this action, claims of the '820 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 because they are anticipated and/or obvious in view of prior art.

31.     Without limiting the grounds of invalidity or prior art that will be asserted in this action, and by way of example, claim 1 of the '820 Patent is invalid as anticipated and/or obvious over U.S. Patent No. 5,388,763 ("Moses") (attached as Exhibit F).

32.     More specifically, Moses discloses providing two sprayable component fluids [a resin and a catalyst] that are separately flowed into a dispenser head [manifold 12] having two head passages [passageways 18, 20] not in fluid communication with each other. *See e.g.*, Moses at 2:37-3:7; Figs. 1, 4.  The head passages join to a mixing tip [static mixing tube 82] and both

component fluids are flowed into the mixing tip where they are mixed together.  *See e.g.*, *id*. at 2:47-52; 5:36-68; Figs. 1, 3-4.  The component fluids are aerated upstream of an outlet of the mixing tip prior to dispensing the catalyzed resin [air is supplied via an air tube 122 to an orifice 83 in the static mixing tube 82 to atomize the mixed materials for spraying].  *See e.g.*, *Id*. at 1:64-2:16; 6:11-41; 7:12-33; Figs. 1, 3, 5.

33.     As a further example, and without limiting the grounds of invalidity that will be asserted in this action, claims 1 and 13 of the '820 Patent are invalid under 35 U.S.C. § 112 because the specification fails to provide written description support for the full scope of the phrase "aerating at least one of said first adhesive component fluid or said second adhesive component fluid upstream of said mixing tip passage outlet."  The implication of this claim feature is that air may be provided to the component fluids at any point in the system upstream of the mixing tip passage outlet, including within the mixing tip passage itself, such as where the first and second component fluids are mixing together.  The '820 Patent only shows and describes embodiments where air is injected into the separate passages within the dispensing head – there is nothing to show the inventors had possession of an embodiment of the invention where air is provided in the mixing tip passage or where the fluid components are mixed.  To the contrary, the '820 Patent makes clear that aeration of the fluids prior to mixing (*e.g.*, while the component fluids are still separated from one another within the dispensing head) provides an improved process and product.  *See e.g.*, '820 Patent at 2:19-22, 2:54-56, 6:21-37.

34.     Black Cat expressly reserves the right to assert additional grounds of invalidity, including but without limitation, after conducting further research, after having the ability to conduct discovery, and after the Court has construed the claims.

35.     Black Cat seeks a declaratory judgment that at least claims 1, 4-11, 13, 15-21, 23-32, and 34-37 of the '820 Patent are invalid.

## COUNT II – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '820 PATENT

36.     Black Cat realleges and incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37.     An actual and substantial controversy has arisen and now exists between the parties concerning whether Black Cat's manufacture, use, sale, offer for sale, or importation of its VEE AIR products infringes any valid claim of the '820 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

38.     Without limiting the grounds of non-infringement that will be asserted, and by way of example, Black Cat's VEE AIR products do not infringe because the phrase "aerating at least one of said first adhesive component fluid or said second adhesive component fluid upstream of said mixing tip passage outlet" in claims 1 and 13 should be construed to mean the individual adhesive component fluids are aerated while separated, and not when combined, and the VEE AIR products only aerate adhesive component fluids after they are combined with one another.

39.     By way of further example and without limiting the grounds of non-infringement that will be asserted, the VEE AIR products do not infringe because one or more of the VEE AIR products do not aerate adhesive component fluids "in at least one of said first connector line or said second connector line" (claim 2), "in at least one of said first head passage or said second head passage" (claims 3, 14, 23), "in at least one of said first head passage outlet or said second head passage outlet" (claims 4, 15, 23), or "at said mixing tip passage inlet" (claim 5, 16).  In addition, the VEE AIR products do not provide or flow pressurized air "until said mixing tip

passage no longer contains said first adhesive component fluid, said second adhesive component fluid or said adhesive" (claims 11, 22, 25, 32); nor do one or more of the VEE AIR products] provide or flow pressurized air "from at least one of said first fluid passage or said second head passage" (claims 12, 38), "from an air passage in fluid communication with at least one of said first head passage or said second head passage" (claim 33), or "from an air passage in fluid communication with at least one of said first head passage outlet or said second head passage outlet" (claim 34).

40.     Black Cat expressly reserves the right to assert additional grounds of non-infringement, including but without limitation, after conducting further research, after having the ability to conduct discovery, and after the Court has construed the claims.

41.     Black Cat seeks a declaratory judgment that making, using, offering to sell, selling, and importing Black Cat's VEE AIR products does not and will not infringe any valid claim of the '820 Patent.

## COUNT III – DECLARATORY JUDGMENT OF INVALIDITY OF THE '858 PATENT

42.     Black Cat realleges and incorporates by reference paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.     An actual and substantial controversy has arisen and now exists between the parties concerning the validity of the '858 Patent.

44.     At least claims 1-3, 5, and 7-16 of the '858 Patent are invalid because the purported inventions therein fail to meet the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq*., including but not limited to 35 U.S.C. §§ 102, 103, and 112.

45.     By way of example and without limiting the grounds of invalidity that will be asserted in this action, claims of the '858 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 because they are anticipated and/or obvious in view of prior art.

46.     Without limiting the grounds of invalidity or prior art that will be asserted in this action, and by way of example, claim 5 of the '858 Patent is invalid as anticipated and/or obvious over Moses.  Moses discloses providing two sprayable component fluids [a resin and a catalyst] that are separately flowed into a dispenser head [manifold 12] having two head passages [passageways 18, 20] not in fluid communication with each other.  *See e.g.*, Moses at 2:37-3:7; Figs. 1, 4.  The head passages have outlets [orifice 79 and injector 80] in fluid communication with an inlet of a mixing tip [static mixing tube 82].  *See e.g.*, *id*. at 2:47-52; 5:21-68; Figs. 1, 3-4.  Both component fluids are flowed into the mixing tip, where they are mixed together and then aerated within the mixing tip passage prior to being dispensed as catalyzed resin [air is supplied via an air tube 122 to an orifice 83 in the static mixing tube 82 to atomize the materials for spraying].  *See e.g.*, *id*. at 1:64-2:16; 6:11-41; 7:12-33; Figs. 1, 3, 5.

47.     As a further example, and without limiting the grounds of invalidity that will be asserted in this action, claim 5 of the '858 Patent is invalid under 35 U.S.C. § 112 because the specification fails to provide written description support for the full scope of the phrase "aerating at least one of said first adhesive component fluid in said first head passage or said second adhesive component fluid in said second head passage or said first adhesive component fluid, said second adhesive component fluid or said adhesive in said mixing tip passage."  Specifically, the '858 Patent does not provide any description or depiction of aerating any of the component fluids in the mixing tip passage.  The '858 Patent only shows and describes embodiments where air is injected into the separate passages within the dispensing head – there is nothing to show the

inventors had possession of an embodiment of the invention where air is provided in the mixing tip passage. To the contrary, the '858 Patent makes clear that aeration of the fluids prior to mixing (*e.g.*, while the component fluids are still separated from one another within the dispensing head) provides an improved process and product. *See e.g.*, '858 Patent at 2:10-13, 2:47-49, 6:11-27.

48.     Black Cat expressly reserves the right to assert additional grounds of invalidity, including but without limitation, after conducting further research, after having the ability to conduct discovery, and after the Court has construed the claims.

49.     Black Cat seeks a declaratory judgment that at least claims 1-3, 5, and 7-16 of the '858 Patent are invalid.

## COUNT IV – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '858 PATENT

50.     Black Cat realleges and incorporates by reference paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     An actual and substantial controversy has arisen and now exists between the parties concerning whether Black Cat's manufacture, use, sale, offer for sale, or importation of its VEE AIR products infringes any valid claim of the '858 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

52.     By way of example and without limiting the grounds of non-infringement that will be asserted, Black Cat's VEE AIR products do not infringe because the VEE AIR products do not dispense first or second adhesive component fluids or adhesive "until said first adhesive component no longer remains in said mixing tip passage, said second adhesive component fluid no longer remains in said mixing tip passage or said adhesive no longer remains in said mixing tip passage," as required by claim 1.

53.     By way of further example and without limiting the grounds of non-infringement that will be asserted, Black Cat's VEE AIR products do not infringe because one or more of the VEE AIR products do not aerate "at least one of said first adhesive component fluid in said first head passage or said second adhesive component fluid in said second head passage or said first adhesive component fluid, said second adhesive component fluid or said adhesive in said mixing tip passage," as required by claim 5, nor do one or more of the VEE AIR products aerate "at least one of said first adhesive component fluid in said first head passage or said second adhesive component fluid in said second head passage or said adhesive in said mixing tip passage," as required by claim 10.

54.     Black Cat expressly reserves the right to assert additional grounds of non-infringement, including but without limitation, after conducting further research, after having the ability to conduct discovery, and after the Court has construed the claims.

55.     Black Cat seeks a declaratory judgment that making, using, offering to sell, selling, and importing Black Cat's VEE AIR products does not and will not infringe any valid claim of the '858 Patent.

## JURY DEMAND

56.     Black Cat hereby demands a jury trial on all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in its favor against Defendant for the following:

(a)     A declaration that the manufacture, use, sale, offer for sale, or importation of Plaintiff's VEE AIR products does not infringe any valid and enforceable claim of the '820 Patent;

(b)     An injunction barring Defendant and all persons in active concert or participation with it from threatening or charging infringement of, or instituting any action for infringement of the '820 Patent by the VEE AIR products against Plaintiff, its related corporate entities, suppliers, customers or any distributors or users of the VEE AIR products;

(c)     A declaration that at least claims 1, 4-11, 13, 15-21, 23-32, and 34-37 of the '820 Patent are invalid;

(d)     A declaration that the manufacture, use, sale, offer for sale, or importation of Plaintiff's VEE AIR products does not infringe any valid and enforceable claim of the '858 Patent;

(e)     An injunction barring Defendant and all persons in active concert or participation with it from threatening or charging infringement of, or instituting any action for infringement of either of the '858 Patent bsy the VEE AIR products against Plaintiff, its related corporate entities, suppliers, customers or any distributors or users of the VEE AIR products;

(f)     A declaration that at least claims 1-3, 5, and 7-16 of the '858 Patent are invalid;

(g)     A finding that this is an exceptional case entitling Plaintiff to an award of its attorneys' fees, including an award of fees pursuant to 35 U.S.C. § 285; and

(h)     Such other relief as this Court may deem proper and just under the circumstances.


Dated: <u>October 16, 2024</u>                    <u>*/s/ John D. Simmons*                                  </u>
                                                John D. Simmons (ID 202405)
                                                Stephen E. Murray (ID 203683)
                                                Martin G. Belisario (ID 62641)
                                                Ava E. Lutz (ID 332553)
                                                PANITCH SCHWARZE BELISARIO & NADEL LLP
                                                Two Commerce Square
                                                2001 Market Street, Suite 2800
                                                Philadelphia, PA 19103
                                                Telephone: (215) 965-1268
                                                Facsimile: (215) 965-1331
                                                jsimmons@panitchlaw.com
                                                smurray@panitchlaw.com
                                                mbelisario@panitchlaw.com
                                                alutz@panitchlaw.com

                                                *Attorneys for Plaintiff*
                                                *Black Cat Inc.*